**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1799

DAVID A. PERRY,

Plaintiff, Appellant,

v.

VIRGINIA C. BEECHER,
DIRECTOR OF THE NEW HAMPSHIRE DIVISION OF MOTOR VEHICLES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

---

Before

Torruella, Lynch and Lipez,
Circuit Judges.

---

David A. Perry on brief pro se.
Daniel J. Mullen, Associate Attorney General on brief for appellee.

---

March 29, 2005

---

**Per Curiam**.  Plaintiff-appellant David A. Perry has appealed the district court's dismissal of his complaint.  We can affirm a district court's judgment on any ground supported by the record.  Campagna v. Massachusetts Dep't of Envtl. Prot., 334 F.3d 150, 155 (1st Cir. 2003).  Upon our review, we conclude that res judicata is an appropriate ground for dismissal.  Accordingly, we affirm.[1]

We reject Perry's contentions that there was no final state court judgment on the merits and that he did not have a full and fair opportunity to litigate his constitutional claims in the state courts.  Perry argues that the August 2003 state trial court decision simply ruled that neither habeas nor mandamus were proper forms for relief.  However, the state court described the legal standard it applied in testing the facts alleged in the pleading and in finding dismissal appropriate, i.e., where the plaintiff's allegations are not "reasonably susceptible of a construction that would permit recovery" and where "the facts as pled do not constitute a basis for legal relief."  We believe this description sufficiently evidences the court's conclusion that Perry's constitutional claims provided no basis for any type of legal

---

[1]Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998) is not a bar to our disposition.  See Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 324-25 (1st Cir. 2001) (bypassing the question of subject matter jurisdiction to conclude that relief was foreclosed on res judicata grounds).

relief and not simply that they lacked a basis for habeas or mandamus relief.

Moreover, Perry raised his complaint about the decision's alleged inadequacy both on reconsideration before the trial court and in what he termed a "Petition for Original Jurisdiction" to the state supreme court. He also again reiterated his constitutional claims and argued that, if neither habeas nor mandamus relief were appropriate, the courts should award any "alternative" form of relief. The trial court denied reconsideration and the state supreme court, treating the petition before it as an appeal, declined to hear the case. These subsequent state court decisions reinforce our view that the state courts have determined that Perry was not entitled to any form of relief.

Just as importantly, however, Perry ignores the fact that he had earlier pursued and lost a challenge to the two year license suspension for his refusal of the breathalyzer test. Perry challenged the factual finding that he had refused the breathalyzer test. He lost that challenge both on an administrative appeal and subsequently in the state superior court, the effect of which was to uphold the resulting imposition of the consecutive two year license suspension. The New Hampshire Supreme Court declined to hear his appeal and Perry did not seek certiorari to the United States Supreme Court. Perry

does not contest the district court's description of New Hampshire's application of res judicata as including "matters that could have been litigated in an earlier action between the same parties for the same cause of action" and there is nothing to suggest that, simultaneously with his challenge to the factual finding that he had refused the breathalyzer test, Perry could not have also raised his claims as to the constitutionality of the consecutive two year license suspension. Accordingly, Perry's current claims are foreclosed by res judicata.[2]

The judgment of the district court dismissing the complaint is <u>affirmed</u>.

---

[2]Perry contends that the defendant-appellee's motion to dismiss was tardily filed and, thus, the affirmative defense of res judicata was waived. The irony is that Perry raises this contention for the first time on appeal and seeks to excuse his own forfeiture in order to assert this waiver bar against the defendant-appellee. Perry proffers no justifiable ground for his failure to allege untimeliness and waiver below. On plain error review, we refuse Perry's request that we find waiver. Assuming without deciding that the motion to dismiss was late, the district court, by considering the motion to dismiss, at least implicitly excused its alleged tardiness and we would not find an abuse of discretion in its doing so.